## CIRCUIT COURT OF CHESTERFIELD COUNTY

Hoover & Strong, Inc.

v.

Travelers Ins. Co.

August 27, 2004

Case No. CL03-253

BY JUDGE CLEO E. POWELL

On August 23, 2004, the Court heard argument on Defendant's Plea in Bar. Upon review of the argument, memoranda filed, and all relevant case and statutory law, the Court rules as follows.

*Facts*

On July 24, 1999, Defendant issued two renewal insurance policies to Plaintiff for coverage from July 1, 1999, to July 1, 2000, the Deluxe Property Coverage Policy and Inland Marine Policy. From December 1999 to March 2000, Plaintiff delivered precious metals to an off-site location with Handy & Harman Refining Group, Inc. During 2000-2001, Handy & Harman filed for bankruptcy. The precious metals delivered by Plaintiff were liquidated, and the proceeds were distributed by the U.S. Bankruptcy Court. Plaintiff thereafter made a claim to Defendant under the policies for the loss of the precious metals.

By letter dated April 25, 2001, Defendant notified Plaintiff that the claim was denied on the basis of Section B(2)(i), an exclusion for voluntary parting. Exhibit A to Plaintiff's Opposition to Defendant's Special Plea in Bar and Motion to Dismiss filed August 16, 2004. The letter stated "even though this letter serves as a denial for the above captioned loss, it in no way waives any right or defenses of Travelers Property Casualty." By letter dated June 8, 2001, Plaintiff disputed Defendant's denial based on voluntary parting.

Exhibit B to Plaintiff's Opposition to Defendant's Special Plea in Bar and Motion to Dismiss filed August 16, 2004.

Then, by letter dated June 20, 2001, Defendant notified Plaintiff that the claim was denied on the basis of Section B(2)(d), dishonest acts. This letter also stated "even though this letter serves as a denial for the above captioned loss, it in no way waives any right or defenses of Travelers Property Casualty" and further stated "we reserve the right to invoke any other policy provision that may be applicable." By letter dated June 20, 2001, Plaintiff disputed Defendant's denial based on dishonest acts. Plaintiff sent Defendant another letter dated June 21, 2001, stating that, based on a conversation between Scott Ratliff and Brian Lasch, Defendant was now denying the claim based on the definition of loss and that Plaintiff disputed denial based on the definition of loss.

On February 28, 2002, Plaintiff filed its Motion for Judgment. Plaintiff propounded discovery to Defendant on August 9, 2002, which included a request for Defendant to identify all facts that may tend to support or refute Defendant's statute of limitations claim. Defendant's Answer to Interrogatory # 5 in February 2003 stated that Defendant preserved the defense until the facts could be developed during discovery. On September 12, 2003, Defendant fully supplemented its Answers to Interrogatories. On October 20, 2003, Plaintiff filed Leave to Amend its Motion for Judgment. An order was entered granting in part Plaintiff's Motion to Amend on July 14, 2004.

## Analysis

Plaintiff alleges in Count II of the Amended Motion for Judgment that, prior to the policies being issued, Defendant informed Plaintiff that the policies provided coverage for off-site precious metals. When the policies were issued on July 24, 1999, Plaintiff knew or should have known of all possible bases for exclusion of coverage for its precious metals located at off-site premises. Be that as it may, Plaintiff argues that correspondence between the parties from April 2001 to June 2001 gave Plaintiff cause to believe that Defendant would not pursue exclusion based on the voluntary parting provision of the policies. Defendant's letters neither state nor imply that the voluntary parting basis was ever abandoned. To the contrary, Defendant's June 20, 2001, letter clearly states that, although it is denying the claim based on dishonest acts, it does not waive any other defenses and reserves the right to invoke any other policy provision as a defense. Plaintiff's letter dated June 21, 2001, does not inquire as to whether the voluntary parting basis for denial has been abandoned or is still alive. Furthermore, nothing in

Plaintiff's June 21, 2004, letter indicates that Plaintiff has assumed that the voluntary parting basis has been abandoned. At the very latest, Plaintiff knew or should have known that Defendant may pursue denial based on voluntary parting on June 20, 2001. Therefore, the Court finds that, at the very latest, the statue of limitations for constructive fraud began to run on June 20, 2001.

Under Virginia Code § 8.01-6.1, Count II relates back to the time of filing of the Motion for Judgment if:

> (i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) the amending party was reasonably diligent in asserting the amended claim or defense, and (iii) parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment.

A breach of contract and a cause of action for constructive fraud may arise out of the same set of facts. Any allegation of constructive fraud for misrepresentations made prior to the policies being issued arose out of a different set of facts than the breach of contract, having occurred in July 1999, rather than April 2001 through June 2001, and is thus clearly barred by the statute of limitations. The misrepresentations alleged by the correspondence between Plaintiff and Defendant from April 2001 to June 2001 deal with the denial of the claim and do involve the same conduct, transaction, or occurrence. The Court finds, however, that Plaintiff does not meet the second and third prongs of the relation back test. Plaintiff was not reasonably diligent in asserting the claim of constructive fraud. Plaintiff waited two years and four months to file Leave to Amend and did not file the Amended Motion for Judgment until July 2, 2004. Furthermore, as trial is scheduled for August 31, 2004, and Plaintiff waited nearly eighteen months from filing and nearly five years from the date the alleged misrepresentations were made to assert the claim of constructive fraud, the Court finds that Defendant will be substantially prejudiced if the claim were to relate back.

For the above stated reasons, the Court finds that Plaintiff's Motion for Leave to Amend filed on October 20, 2003, was not timely and that Count II of the Amended Motion for Judgment is barred by the two-year statute of limitations for fraud. Va. Code § 8.01-243.